[No. 1980.]

## Ex Parte W. J. WOOD.

JURISDICTION OF COURT OF APPEALS — HABEAS CORPUS — FELONY — ESCAPE — CASE STATED.— Article 845 of the Code of Criminal Procedure provides as follows: " In case the defendant, pending an appeal in a felony case, shall make his escape from custody, the jurisdiction of the court of appeals shall no longer attach in the case; and upon the fact of such escape being made to appear, the court shall, on motion of the attorney-general, or attorney representing the State, dismiss the appeal; but the order dismissing the appeal shall be set aside if it shall be made to appear that the accused had voluntarily returned to the custody of the officer from whom he escaped, within ten days." Under an indictment charging him with the murder of one W., the accused was arrested on the 26th day of June, 1885, and on the same day he sued out a writ of *habeas corpus* for bail, which was refused, from which judgment he perfected his appeal to this court. On the 5th day of the following July, and pending this appeal, the accused effected his escape, but was recaptured three days thereafter. *Held*, that an appeal from the judgment of the lower court in a *habeas corpus* proceeding under an indictment for murder is an appeal from a judgment " in a felony case," within the purview of the statute; and the escape of the accused pending this appeal, being shown by the record, the motion of the assistant attorney-general to dismiss the appeal must prevail, notwithstanding it appears that the appellant was recaptured within ten days after his escape.

*Habeas Corpus* on appeal from the District Court of Nolan. Tried below before the Hon. William Kennedy.

This is the companion case to the preceding one of *Ex parte* Boyett, the indictment charging the same offense. Upon the same state of facts testified to by the same witnesses who were examined in Boyett's case, bail was refused this applicant and he was remanded to the custody of the sheriff. He perfected his appeal to this court from the judgment of the district court refusing bail, but escaped pending appeal, and was at large three days before his recapture. The State's motion to dismiss the appeal, which is sustained, was predicated upon a proper showing of the escape, by the sheriff who had the custody of the applicant, and whose affidavit further shows that he captured the appellant on the third day after his escape.

*J. H. Burts*, Assistant Attorney-General, for the State, moved to dismiss the appeal on the ground that the appellant had escaped pending his appeal, and did not voluntarily return to custody.

*J. F. Eidson* and *Cowan & Posey*, for the appellant, and in opposition to the motion to dismiss. Article 845, Code of Criminal

Procedure, which authorizes the dismissal of appeals in case the appellant escapes during the pendency of the same, was not intended by the Legislature to be applied to appeals in *habeas corpus* cases.

Article 837 of the same chapter provides that "a defendant in any criminal action, *upon conviction*, has the right of appeal, under the rules hereinafter prescribed." Articles 837 and 845 should be construed together, and when so done article 845 applies only to appeals where the appellant has been convicted, and not to appeals in *habeas corpus* cases.

And again: Article 845 was engrafted into our statute in its revision in 1879, and the law authorizing appeals in *habeas corpus* cases was copied from the statute as it formerly existed, and the dismissal of appeals in *habeas corpus* cases was not in the legislative mind when article 845 was enacted.

The appellant was not given an opportunity to have voluntarily returned and surrendered himself within ten days after his escape, but was recaptured within three days after his escape, as is shown by the sheriff's affidavit attached to said motion; and the law, as we understand it, does not authorize this court to presume that he would not have returned within the remaining seven days.

Even if the law authorized the right to presume that the party who has escaped *after conviction* would not return within the ten days, then the same rules of construction would not apply in *habeas corpus* cases; for in the one, after *conviction*, the presumption of guilt attaches, while in the other the presumption of innocence prevails; and therefore the same rules of construction do not apply to appeals in *habeas corpus* cases as in cases of final conviction.

HURT, JUDGE. Wood, the appellant, being indicted for the murder of Ben Warren, was arrested on the 26th day of June, 1885, and, on the same day, sued out a writ of *habeas corpus* for bail, which was refused and judgment entered remanding him to custody. From this judgment he appealed to this court.

By the proper affidavit of the sheriff of Nolan county, who held appellant in custody, it appears that Wood escaped on the 5th day of July, 1885, pending his appeal to this court. On the 8th day of July, Wood, about thirty miles from the county seat of Nolan county, was arrested and placed in jail, and is now in custody.

Based upon these facts relative to the escape, the assistant attorney-general moves that the appeal be dismissed.

Appellant being charged by indictment with murder, a *felony*, and the honorable district judge who heard the writ having refused

bail, the inference is that this is an appeal in a *felony* case. Being an appeal in a *felony* case, the provisions of article 845, Code Criminal Procedure, apply. Said article reads: "In case the defendant, pending an appeal in a felony case, shall make his escape from custody, the jurisdiction of the court of appeals shall no longer attach in the case; and upon the fact of such escape being made to appear, the court shall, on motion of the attorney-general, or attorney representing the State, dismiss the appeal; but the order dismissing the appeal shall be set aside if it shall be made to appear that the accused had voluntarily returned to the custody of the officer from whom he escaped, within ten days."

It will be noted that this article is not confined or limited to appeals in felony cases in which the defendant has been tried and *convicted;* but is applicable to all appeals in felony cases. The only question, therefore, is, is this an appeal in a felony case? We are of the opinion that it is, and, hence, governed by article 845.

We are of the opinion that the motion should be sustained, and the appeal dismissed; it is therefore ordered accordingly.

*Appeal dismissed.*

[Opinion delivered October 14, 1885.]